

# Fourth Court of Appeals
## San Antonio, Texas

July 15, 2019

No. 04-19-00168-CV

**IN THE INTEREST OF Y.M.L., A CHILD,**

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02836
Honorable Charles E. Montemayor, Judge Presiding

# O R D E R

This is an accelerated appeal of an order terminating appellant A.R.'s parental rights. Appellant's brief was due on May 6, 2019. *See* TEX. R. APP. P. 38.6(a).

After no brief or motion for extension of time to file the brief was filed, and Appellant failed to respond to our June 3, 2019 show cause order, we abated this appeal and remanded the cause to the trial court. We ordered the trial court to determine whether Appellant desires to prosecute her appeal and if she is entitled to court-appointed appellate counsel.

In its July 2, 2019 hearing, the trial court found Appellant desires to prosecute her appeal and it appointed Gerald Uretsky to represent Appellant on appeal. On July 14, 2019, court-appointed appellate counsel advised this court that Appellant lives in Mexico, some of the exhibits are in Spanish, and counsel cannot read, write, or speak Spanish. Counsel moved to withdraw so the trial court could appoint counsel who can read the entire record, including the Spanish-language documents, and communicate with Appellant in Spanish.

We ABATE this appeal and REMAND the cause to the trial court. We ORDER the trial court to rule on Gerald Uretsky's motion to withdraw and motion to appoint substitute appellate counsel within TEN DAYS of the date of this order.

We ORDER the trial court clerk and court reporter to file supplemental clerk's and reporter's records, respectively, in this court, not later than FIFTEEN DAYS from the date of this order. The records shall include (1) a transcription of the motion to withdraw hearing, if any; (2) copies of any documentary evidence admitted; and (3) copies of all motions filed with, or ruled on by, the trial court regarding the motion to withdraw, e.g., motion to withdraw, motion for substitution of counsel, or motion appointing counsel on appeal. *See id.*

The children's "need for permanence is the paramount consideration for the child[ren]'s present and future physical and emotional needs." *See Dupree v. Tex. Dep't of Protective &*

*Regulatory Servs.*, 907 S.W.2d 81, 87 (Tex. App.—Dallas 1995, no writ). To protect the children, this court must render its decision "with the least possible delay," and any further delays in addressing court-appointed appellate counsel will not only hinder this court in its duty, but may adversely affect the children. *See* TEX. R. APP. P. 35.3(c); *In re J.L.*, 163 S.W.3d 79, 82 (Tex. 2005) (quoting TEX. FAM. CODE ANN. § 263.405(a) (West 2014)).

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of July, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court